# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,                     Criminal No. 09-305 JNE/AJB

           Plaintiff,

v.                                        **REPORT AND RECOMMENDATION**

MICHAEL ANGELO BORROMEO,

           Defendant.

       Lisa D. Kirkpatrick, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

       Andrea K. George, Esq., Assistant Federal Defender, for the defendant, Michael Angelo Borromeo.

       This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on November 25, 2009, at the U.S. Courthouse, 316 North Robert Street, St. Paul, MN 55101. Testimony was given and exhibits were received at the hearing with regard to suppression of statements and suppression of search and seizure evidence.

       Based upon the file and documents contained therein, along with testimony and exhibits presented at hearing, the Magistrate Judge makes the following:

**Findings**

       **Search Warrants.** On February 11, 2009, Rice County District Court Judge William Johnson issued a warrant authorizing the search of a particularly described address in Faribault, MN, along with vehicles owned or occupied by the Michael Angelo Borromeo, and the person of Michael Angelo Borromeo (Hrg. Ex. 2). The search warrant identified the objects of the warrant as a black cellular telephone with a white sticker and a specifically stated assigned

phone number, and photos and text messages relating to two specified juveniles. The warrant was issued on the basis of probable cause contained in the Affidavit of Rice County Sheriff's Investigator Joseph Yetzer, including information obtained through interviews with a named alleged victim and her sister (Hrg. Ex. 6 and Ex. 7), as well as several other specifically identified persons, and personal observations of the affiant. The warrant was executed on February 11, 2009, at which time the defendant answered the door at the address to be searched, and upon request, promptly gave the cell phone to Rice County Deputy Sheriff's Investigator Mark Hlady. Officers did not enter the home and left after obtaining the subject cell phone.

On February 17, 2009, Rice County District Court Judge Bernard Borene issued a warrant authorizing the search of a black and blue Nokia cellular phone, with a specified assigned phone number, that had been obtained from a particularly named person on February 10, 2009 (Hrg. Ex. 3). The search warrant identified the objects of the warrant as photos and text messages relating to two juveniles. The warrant was issued on the basis of probable cause contained in the Affidavit of Rice County Sheriff's Office Investigator Joseph Yetzer, including information obtained through interviews with a named alleged victim and her sister (Hrg. Ex. 6 and Ex. 7), as well as several other specifically identified persons, and personal observations of the affiant. Probable cause evidence further included information obtained in an interview with defendant Michael Angelo Borromeo. The warrant was executed on February 17, 2009, at which time data was retrieved from the phone for forensic analysis.

Meanwhile, Investigator Hlady obtained a written consent for the seizure of a computer from the defendant's residence (Hrg. Ex. 4). The consent form was signed by the defendant's spouse, Jada Yzette Borromeo, a resident of the home, on February 12, 2009. The

2

computer was seized pursuant to the consent, and on February 23, 2009, Rice County District Court Judge Thomas Neuville issued a warrant authorizing the search of a specifically identified Hewlett Packard Pavilion computer (Hrg. Ex. 5). The search warrant identified the objects of the warrant as digital evidence including photos, videos, and communications; digital evidence to include pornographic photographs, videos, or communications involving the trading of such materials; and evidence of constructive possession of the computer digital evidence. The warrant was issued on the basis of probable cause contained in the Affidavit of Rice County Sheriff's Investigator Mark G. Hlady, including information obtained in an interview with defendant Michael Angelo Borromeo; information obtained by cursory examination of cell phones pursuant to search warrants; and evidence obtained in an interview with the defendant's stepson. The warrant was executed on February 23, 2009, at which time the computer was delivered to the BCA for forensic analysis.

**Statements.** At the time of execution of the warrant to seize the defendant's cell phone on February 11, 2009, Investigators Hlady and Yetzer asked the defendant if he would be willing to go to law enforcement offices to be interviewed. Mr. Borromeo agreed to go to the Sheriff's Department and the investigators then left the residence. Defendant Borromeo drove separately and arrived at the Sheriff's Department approximately 10 minutes after the officers were there. Prior to the defendant's arrival, video and audio equipment was prepared to permit DVD recording of the anticipated interview. The interview commenced at approximately 5:30 p.m. on February 11, 2009, in a 10-foot-by-14-foot room which contained four lounge chairs, a small table, an easel with paper, and two cabinets containing electronic equipment. The interview was recorded in entirety (Hrg. Ex. 1), and a transcript was prepared (Hrg. Ex. 8).

3

The entire interview with defendant Borromeo took place in two discreet sessions. Investigator Hlady initially met with the defendant, and the officer expressly advised the defendant that he was not under arrest and could leave if he did not want to talk, and that he had been asked to come to the law enforcement offices so that they could speak outside the presence of the defendant's wife.  In the course of the initial interview the defendant made incriminating statements regarding his involvement in a sexual relationship with the alleged victim and taking inappropriate photographs on a cell phone.  He did not ask to leave and did not ask for the assistance of an attorney.  The defendant acknowledged that he was already aware of an investigation and that he had been in contact with relatives of the alleged victim.  After approximately one hour of questioning, Hlady determined that there was probable cause to justify Mr. Borromeo's arrest for criminal sexual conduct.  At that time they took a short break and Investigator Hlady left the room.  Investigators Hlady and Yetzer thereafter returned to the interview room and again met with the defendant.  Hlady advised the defendant that he was now under arrest.  Hlady then left the room.  Yetzer again advised the defendant that he was under arrest and was now in custody.  The investigator read the <u>Miranda</u> warning to the defendant and Mr. Borromeo agreed to speak with him.  There were no threats or promises made to induce the defendant's cooperation and there was no request for the assistance of legal counsel during the ensuing interview.

Based upon the foregoing Findings, the Magistrate Judge makes the following:

**Conclusions**

**Search and Seizure.**  Evidence seized pursuant to a warrant authorizing the search of a particularly described address in Faribault, MN, along with vehicles owned or

occupied by the Michael Angelo Borromeo, and the person of Michael Angelo Borromeo (Hrg. Ex. 2), was not unlawfully obtained in violation of the constitutional rights of defendant Michael Angelo Borromeo. The search warrant was issued on February 11, 2009, and was based upon sufficient probable cause as stated in the Affidavit of Rice County Sheriff's Investigator Joseph Yetzer and as determined by Rice County District Court Judge William Johnson. The warrant properly and sufficiently identified the location of the search and the materials to be seized. The search warrant in this instance was lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrant.

Evidence seized pursuant to a warrant authorizing the forensic search of a black and blue Nokia cellular phone, with a specified assigned phone number, that had been obtained from a particularly named person on February 10, 2009 (Hrg. Ex. 3), was not unlawfully obtained in violation of the constitutional rights of defendant Michael Angelo Borromeo. The search warrant was issued on February 17, 2009, and was based upon sufficient probable cause as stated in the Affidavit of Rice County Sheriff's Investigator Joseph Yetzer and as determined by Rice County District Court Judge Bernard Borene. Specifically, the court concludes that probable cause to search the cell phone existed even without reference to interview statements by the defendant on February 11, 2009. The warrant properly and sufficiently identified the subject telephone and the information that was to be seized. The search warrant was lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrant.

Evidence seized pursuant to a written consent to the seizure of a computer that was taken from the home of the defendant's spouse on February 12, 2009 (Hrg. Ex. 4), was not unlawfully obtained in violation of the constitutional rights of defendant Michael Angelo

Borromeo. Furthermore, evidence seized pursuant to a warrant authorizing the forensic search of the computer seized from the residence (Hrg. Ex. 5), was not unlawfully obtained in violation of the constitutional rights of defendant Michael Angelo Borromeo. The search warrant was issued on February 23, 2009, and was based upon sufficient probable cause as stated in the Affidavit of Rice County Sheriff's Investigator Mark G. Hlady and as determined by Rice County District Court Judge Thomas Neuville. The warrant properly and sufficiently identified the subject computer and the evidence that was to be seized. The computer search warrant in this instance was lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrant.

**Interview Statements.** Defendant Michael Angelo Borromeo's recorded statements to Rice County Sheriff's Office Investigators Mark Hlady and Joseph Yetzer during interview and questioning at the Rice County Sheriff's Department on February 11, 2009, were provided voluntarily and were not obtained in violation of the defendant's constitutional rights (Hrg. Ex. 1 and Ex. 8). The initial interview with Inspector Hlady, lasting approximately one hour, was a non-custodial interview and was not rendered unlawful due to failure of officers to administer the <u>Miranda</u> advice of rights. Defendant Borromeo was not arrested before arriving at the law enforcement offices, and he was expressly told prior to the commencement of questioning that he was not under arrest, did not have to talk, and could leave. Mr. Borromeo is an adult, he was not under the influence of alcohol or drugs, and he was not coerced by threats or influenced by promises so as to render his participation involuntary or custodial prior to arrest.

Defendant Borromeo's immediately subsequent interview statements made to Rice County Sheriff's Office Investigator Joseph Yetzer were likewise lawfully obtained and

were not the fruit of incriminating statements that had been unlawfully obtained. Defendant was properly advised and was able to understand and comprehend his rights pursuant to Miranda as accurately presented to him. He was not subjected to force, threats, or promises in exchange for his statements, and he effectively waived his right to remain silent and his right to the assistance of counsel. Upon considering the totality of circumstances, the Court is persuaded that defendant's will was not overborne; and he knowingly, intelligently, and voluntarily waived his right to remain silent and his right to have an attorney present during questioning. Suppression of defendant's interview statements is not required.

In arguing for suppression, defendant Michael Borromeo contends that he was effectively in custody during the whole interview process, and his statements should be suppressed in entirety, pursuant to application of the factors stated in United States v. Griffin, 922 F.2d 1343 (8th Cir. 1990). As provided in Griffin, primary indicia of custody are:

> (1) whether the suspect was informed at the time of questioning that the questioning was voluntary, that the suspect was free to leave or request the officers to do so, or that the suspect was not considered under arrest; (2) whether the suspect possessed unrestrained freedom of movement during questioning; (3) whether the suspect initiated contact with authorities or voluntarily acquiesced to official requests to respond to questions; (4) whether strong arm tactics or deceptive stratagems were employed during questioning; (5) whether the atmosphere of the questioning was police dominated; or, (6) whether the suspect was placed under arrest at the termination of the questioning.

922 F.2d at 1349. The first three items on the list are characterized as factors relating to mitigation of custody, while the last three items are described at coercion factors that tend to aggravate the existence of custody. Id. The list is not exhaustive and factors are not necessarily entitled to equal weight. Indeed, a single factor may dominate and compensate for deficiencies

7

in others. Id. Defendant insists that officers made it clear to him that he was not free to leave despite their assurances to the contrary; that actual freedom of movement was never tested and is therefore inapplicable; and that his decision to go to law enforcement offices for the interview was not truly voluntary. Based on defendant's interpretations, the first three factors would not mitigate against a determination that he was in custody. As for the aggravating factors, Mr. Borromeo argues that he was subjected to a version of the disfavored "interrogate first, warn later" practice whereby officers set out to obtain a pre-Miranda custodial confession to be followed by a Miranda advisory and a second sanitized confession. See Missouri v. Seibert, 542 U.S. 600, 613, 124 S.Ct. 2601 (2004)(the manifest purpose of the practice is to obtain a confession that the suspect would not make if he understood his rights at the outset). In defendant's view, this interview technique is indicative of a strong-arm tactic or deception in the instant case because officers already believed there was probable cause for arrest before the interview commenced. Defendant further asserts that the atmosphere during the interview was police dominated, as exemplified by officer's threats to subpoena cell phone records, and finally, that his arrest at that end of the first questioning session makes a sweep of the custodial aggravating factors in favor of suppression.

In opposition to suppression the government argues that the court should apply a less formalistic analysis as provided in United States v. Czichray, 378 F.3d 822 (8th Cir. 2004), wherein the court stated that the Griffin factors are properly considered, but that "[t]he ultimate question in determining whether a person is in 'custody' for purposes of Miranda is 'whether there is a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest.'" Czichray at 826 (quoting California v. Beheler, 463 U.S. 1121, 1125 (1983)).

The relevant inquiry is how a reasonable person in the defendant's position would have understood the situation. Id. The determination on whether the suspect is in custody is based upon the objective circumstances of the interrogation, and not on the subjective views of either the officers or the suspect, and the basic issue is not whether the interview was done in a coercive environment, but whether the suspect's freedom to leave was restricted. United States v. LeBrun, 363 F.3d 715, 720 (8th Cir. 2004) (citations omitted). The government further contends that court should conclude that the defendant's interview statements were lawfully obtained under an appropriate formal application of the Griffin factors as well. The government's position is well taken. At the onset of the meeting the defendant was expressly advised that he was not under arrest, and that he was free to leave, and there were simply no objectively considered circumstances that were particularly coercive in nature and that would compel the court to view the interview as custodial in nature. Analyzed more particularly in the context of the Griffin factors, the defendant being advised that he was not under arrest, and was free to leave, weighs quite heavily against a finding of custody; the defendant's freedom of movement is a non-issue; the defendant voluntarily acquiesced and drove himself to the interview; there is no objective evidence of strong-arm or deceptive tactics used in questioning; and the defendant was not questioned in an substantially police-dominated atmosphere. Although Mr. Borromeo was arrested after the first hour of interrogation, that circumstance was product of his statements rather than pre-calculated police action. Moreover, the court recognizes a distinction between evidence sufficient to establish probable cause to obtain a search warrant as opposed to evidence sufficient to probable cause to arrest the defendant, and the court concludes that officers did not objectively believe that there was probable cause to

arrest the defendant prior to the initiation of questioning. Under either a Griffin or Czichray analysis, defendant Borromeo's pre-Miranda interview was non-custodial and his motion to suppress statements should be denied.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

## RECOMMENDATION

The Court **hereby recommends** that:

1. Defendant Michael Angelo Borromeo's Motion to Suppress Evidence Obtained as a Result of Search and Seizure be **denied** [Docket No. 20].

2. Defendant Michael Angelo Borromeo's Motion to Suppress Statements, Admissions and Answers be **denied** [Docket No. 21].

Dated:     January 4, 2010

                                                       s/Arthur J. Boylan
                                                       Arthur J. Boylan
                                                       United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before January 19, 2010.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.